UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bky. Case No. 08-35862-DDO |
| Blue Vessel, Inc., | Chapter 11 |
| Debtor. | |
| In re: | Bky. Case No. 08-35861-DDO |
| Ichor Corporation, | Chapter 11 |
| Debtor. | |
| Brickwell Community Bank, | Bky. Case No. 08-35861 |
| Plaintiff, | Adv. No. 09-3015 |
| vs. | |
| Blue Vessel, LLC, Ichor Corporation, Sara K. Westall and Gabriel Rojas-Cardona | |
| Defendants. | |

**NOTICE OF HEARING AND MOTION OF BRICKWELL COMMUNITY BANK FOR EXPEDITED RELIEF AND FOR ABSTENTION AND REMAND**

To: Debtor and other parties in interest as specified in Local Rule of Bankruptcy Procedure 9013-3(a)

1. Brickwell Community Bank, a Minnesota state banking corporation (the "Bank"), a creditor in this case, by and through its undersigned attorneys, moves the Court for the relief requested below and gives notice of hearing herewith.

2. The Court will hold a hearing on this Motion at 11:30 a.m., on January 29, 2009, before the Honorable Dennis D. O'Brien, in Courtroom No. 2B, at the United States Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101, or as soon thereafter as counsel may be heard.

1312996v1

3. The Motion includes a request for expedited relief. The moving party will not object to the timeliness of any written response served at or prior to the hearing.

4. This Court has jurisdiction over these bankruptcy proceedings pursuant to 28 U.S.C. §§ 157 and 1334, Federal Rule of Bankruptcy Procedure 5005 and Local Rule 1070-1. These cases were commenced by the filing of Voluntary Chapter 11 Petitions on November 7, 2008 (the "Petition Date"). These cases are now pending in this Court.

5. This Motion arises under 28 U.S.C. § 1334(c)(2), 28 U.S.C. § 1452(b) and Federal Rule of Bankruptcy Procedure 9027(d). This Motion is filed under Federal Rule of Bankruptcy Procedure 9014 and Local Rules 9013-1 and 9013-2.

6. The Bank requests relief in the form of an order for abstention and remand to Washington County District Court of the claim and cause of action in the state court action originally filed therein and removed to this Court, entitled, *Brickwell Community Bank v. Blue Vessel, LLC, Ichor Corporation, Sarah K. Westall and Gabriel Rojas-Cardona,* bearing Washington County District Court File No. 82-CV-08-5896 (the "State Court Claim"). A true and correct copy of the Verified Complaint relating to the State Court Claim is attached hereto as **Exhibit A**.

7. As of the Petition Date, the Debtors Blue Vessel, LLC and Ichor Corporation were indebted to the Bank pursuant to a Promissory Note dated November 29, 2006 in the original principal amount of $1,722,000.00 (the "Long Term Note") and a Promissory Note also dated November 29, 2006 in the original principal amount of $1,377,600.00 (the "Short Term Note"). A true and correct copy of the Short Term Note is attached as a part of **Exhibit A**.

8. To induce the Bank to make the loans evidenced by the Notes, Sarah K. Westall and Gabriel Rojas-Cardona (collectively, "Guarantors") executed and delivered to Brickwell instruments of guarantee by which they each jointly and severally guaranteed payment of the Notes. True and correct copies of the Guaranties are attached as a part of **Exhibit A**.

9. On or about May 11, 2007, December 28, 2007 and January 8, 2008, the Debtors and Guarantors entered into agreements modifying the Short Term Note, whereby, among other things, the maturity date for final payment of all unpaid principal and accrued interest due under the Short Term Note was extended to July 8, 2008.

10. The Debtors and Guarantors are in default under the Long Term Note and Guaranties, among other reasons, for failure to make payments as required.

11. The Debtors and Guarantors are in default on the Short Term Note and Guaranties, among other reasons, for non-payment of the principal, accrued interest and other chargeable costs due on the maturity date of June 8, 2008.

## GROUNDS FOR MANDATORY ABSTENTION

12. The Bank moves for an order for mandatory abstention as to the State Court Claim under 28 U.S.C. § 1334(c)(2).

13. On August 25, 2008, the Bank commenced the state court action against the Debtors and Guarantors in Washington County District Court, seeking the entry of a money judgment against said defendants for the indebtedness under the Short Term Note and Guaranties. The Complaint asserts a claim for breach and default under the Short Term Note, and is based entirely upon state law.

14.    Defendants' Answer and Counterclaim falsely and erroneously claimed that the State Court Claim was an "action for foreclosure by action." A copy of the Answer and Counterclaim is attached hereto as **Exhibit B**.

15.    The State Court Claim asserted by the Bank against the Guarantors is related to the Debtors' bankruptcy cases at issue, but did not arise in or under said bankruptcy cases.

16.    The only basis for original jurisdiction in federal district court is the bankruptcy filings at issue. The State Court Claim does not arise under the Constitution, laws or treaties of the United States so as to raise a federal question under 28 U.S.C. § 1331, nor is it one between citizens of different states so as to create diversity of citizenship pursuant to 28 U.S.C. § 1332, nor is there any other basis for jurisdiction under federal law.

17.    The State Court Claim can be timely adjudicated in the state court system.

18.    Guarantors' Notice of Removal was filed in U.S. Bankruptcy Court on January 23, 2009, and this motion is timely.

**GROUNDS FOR REMAND**

19.    In the alternative, the Bank moves for an order remanding the State Court Claim to Washington County District Court on equitable grounds pursuant to 28 U.S.C.§§ 1452(b) and 1447(c) and (d) and Bankruptcy Rule 9027(d).

20.    The Debtors and Guarantors have engaged in a pattern and practice in the state court action of obstructionist delays, misrepresentations to the court and abuse of court rules, which constitute equitable grounds for remand of the State Court Claim to Washington County District Court.

21. On September 9, 2008, subsequent to the commencement of the state court action, the Bank informed Defendants that it intended to foreclose the mortgage securing the Long Term Note by advertisement. The first publication was scheduled to occur on September 17, 2008, and the sheriff's sale on November 5, 2008.

22. On September 11, 2008, upon the ex parte application of Defendants, Washington County District Court issued a Temporary Restraining Order enjoining the Bank from taking any action to affect sale of real estate owned by Defendants, including foreclosure by advertisement. A copy of said Temporary Restraining Order is attached hereto as **Exhibit C**. To comply with the ex parte Temporary Restraining Order, the Bank was compelled to stop the first publication that was scheduled to occur, thus delaying publication and any eventual sale.

23. In making their ex parte application, Defendants failed to make any effort to notify the Bank of their motion, failed to serve the Bank with any affidavit or verified complaint and failed to provide any bond or security, all in clear violation of Minn. R. Civ. P. 65.01 and 03 and Rule 135 of the General Rules of Practice for the District Courts.

24. On September 23, 2008, the Washington County District Court granted the Bank's motion to dissolve the Temporary Restraining Order and found as facts and conclusions of law that the Debtors and the Guarantors had failed to comply with the requirements of the Rules as aforesaid, and dissolved the Temporary Restraining Order. A copy of the Findings of Fact, Conclusions of Law and Order are attached hereto as **Exhibit D**. Nevertheless, the Debtors and Guarantors pursued a motion for temporary injunction, seeking the same relief as the Temporary Restraining Order.

25. On September 25, 2008, counsel for the Bank and other interested parties appeared in Stillwater for a hearing on Defendants' Motion for Temporary Injunction

only to be informed by Duane Arndt, counsel for Defendants, that Defendants were withdrawing their motion. In response to direct questioning, Mr. Arndt represented to the Court that Defendants had no intention of re-filing another motion for temporary injunction in the foreseeable future.

26. Five weeks later, on November 6, 2008, Defendants filed another motion for temporary injunction, seeking the same relief as in its prior motion. Copies of the Notice of Motion and Motion for Temporary Injunction and Proposed Order are attached hereto as **Exhibit E**.

27. On October 24, 2008, the Bank served a Motion for Claim and Delivery of Collateral, consisting of Ichor's personal property.

28. On November 7, 2008, counsel for the Bank and other interested parties appeared in Stillwater for a hearing on the Bank's Motion for Claim and Delivery. Also scheduled for hearing was Defendants' motion for temporary injunction, served the day before, which had required the Bank to prepare and file its opposition to the papers on an expedited basis.

29. At the outset of the hearing, after all counsel had assembled for the hearings, Defendants' counsel announced that Debtors Blue Vessel and Ichor Corporation had filed bankruptcy the previous day, thus invoking the automatic stay and preventing the Bank's motion from going forward.

30. On December 31, 2008, the Bank moved for summary judgment against the individual Defendants Westall and Rojas-Cardona as Guarantors of the Short Term Note. Neither Westall nor Rojas-Cardona has filed for bankruptcy.

31. Said Guarantors' opposition to the Bank's motion for summary judgment was due on January 21, 2009. The Guarantors failed to serve or file any opposition.

32. Thereafter on January 23, 2009, Guarantors Westall and Rojas-Cardona filed the Notice of Removal at issue, seeking to remove the Bank's cause of action against them arising out of their Guaranties. Debtors did not join in the Notice of Removal.

33. The hearing on the Bank's motion for summary judgment against the Guarantors remains scheduled for January 30, 2009, at 2:00 p.m.

## GROUNDS FOR EXPEDITED RELIEF

34. Immediate relief is necessary because the hearing on the Bank's motion for summary judgment is scheduled for January 30, 2009, and because further delay of the Bank's claims against the Guarantors will increase the risk that other creditors or events will intervene to render the Guarantors uncollectible and render any ultimate remedy ineffective.

35. Based on the foregoing, the Bank respectfully requests that the Motion be granted.

Dated: January 28, 2009

Respectfully submitted,

MOSS & BARNETT
A Professional Association

By /e/ James A. Rubenstein
   David P. Jendrzejek, #49888
   James A. Rubenstein, #94080
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4129
Telephone: (612) 877-5000
**Attorneys for Brickwell Community Bank**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bky. Case No. 08-35862-DDO |
| Blue Vessel, Inc., | Chapter 11 |
| Debtor. | |
| In re: | Bky. Case No. 08-35861-DDO |
| Ichor Corporation, | Chapter 11 |
| Debtor. | |
| Brickwell Community Bank, | Bky. Case No. 08-35861 |
| Plaintiff(s), | Adv. No. 09-3015 |
| vs. | |
| Blue Vessel, LLC, Ichor Corporation, Sara K. Westall and Gabriel Rojas-Cardona | |
| Defendant(s). | |

## VERIFICATION

I, Ivar Peterson, President of Brickwell Community Bank, declare under penalty of perjury that the factual information in the foregoing Notice of Hearing and Motion of Brickwell Community Bank for Expedited Hearing and for Abstention or Remand is true and correct according to the best of my knowledge, information and belief.

Executed on: January 28, 2009

_____
Ivar Peterson

1312996v1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bky. Case No. 08-35862-DDO |
| Blue Vessel, Inc., | Chapter 11 |
| Debtor. | |
| In re: | Bky. Case No. 08-35861-DDO |
| Ichor Corporation, | Chapter 11 |
| Debtor. | |
| Brickwell Community Bank, | Bky. Case No. 08-35861 |
| Plaintiff, | Adv. No. 09-3015 |
| vs. | |
| Blue Vessel, LLC, Ichor Corporation, Sara K. Westall and Gabriel Rojas-Cardona | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF BRICKWELL COMMUNITY BANK FOR EXPEDITED RELIEF AND FOR ABSTENTION AND REMAND**

Brickwell Community Bank, a Minnesota state banking corporation (the "Bank") seeks an expedited order for abstention and remand of the State Court Claim at issue to Washington County District Court, as described in the Motion. This memorandum is submitted in support of the Bank's Motion (the "Motion").

## **FACTS**

The facts in support of the Motion are set forth in the Motion.

1312996v1

## **DISCUSSION**

I. **JURISDICTION, ABSTENTION AND REMAND REQUIREMENTS.**

Federal district courts have exclusive jurisdiction over bankruptcy cases and nonexclusive jurisdiction over all proceedings that arise under, or relate to, them. 28 U.S.C. § 1334(a) and (b). Bankruptcy cases and proceedings can be referred by the district courts to bankruptcy judges, for hearing and determination or recommendation. Bankruptcy judges collectively are units of the district courts. 28 U.S.C. §§ 151 and 157(a). Bankruptcy judges, who have been referred bankruptcy cases, are empowered to hear and finally determine, subject to appeal, the referred bankruptcy cases and the bankruptcy proceedings arising out of them or in them. Such proceedings are described as "core." 28 U.S.C. § 157(b)(1) and (2). Bankruptcy judges are empowered to hear and recommend disposition of proceedings that are "related," but not "core" proceedings to a bankruptcy case. 28 U.S.C. § 157(c)(1).

The Bankruptcy Code does not define "core" and "related" proceedings. A non-exclusive list of "core" proceedings is found in 28 U.S.C. § 157(b)(2). "Related" proceedings, under the rule in this Circuit, are those where the determination of the proceedings "could conceivably have any effect on the estate being administered in bankruptcy." *In reFulda v. St. Paul Bank For Cooperatives*, 130 B.R. 967, 974 (Bankr.D.Minn. 1991), *citing Nat'l City Bank v. Coopers and Lybrand*, 802 F.2d 990, 994 (8th Cir. 1986) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)); *In re NWFX, Inc.*, 881 F.2d 530, 533 (8th Cir. 1989); *In re Titan Energy, Inc.*, 837 F.2d 325, 329-30 (8th Cir. 1988); *In re Dogpatch U.S.A.*, 810 F.2d 782, 786 (8th Cir. 1987); *In re John Peterson Motors, Inc.*, 56 B.R. 588, 591 (Bankr.D.Minn. 1986); *In re Dickenson Lines, Inc.*, 47 B.R. 653, 656 (Bankr.D.Minn. 1985).

Proceedings involving federal bankruptcy jurisdiction, whether "core" or "related," that are commenced in a court having jurisdiction which is concurrent with the jurisdiction of the federal district courts, can be removed to the appropriate federal district court and passed through to a bankruptcy judge and the bankruptcy court. 28 U.S.C. § 1452(a); Fed.R.Bankr.P. 9027. When passed through to a bankruptcy judge, all proceeding matters, including motions for remand, are addressed by the bankruptcy court. Fed.R.Bankr.P. 9027(d)(e).

Removal of state court proceedings to the bankruptcy court is governed by 28 U.S.C. § 1452, which provides:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> (b) <u>The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground</u>. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

(emphasis added).

Additionally, the bankruptcy court must remand or remove the proceedings if they are of the type described in 28 U.S.C. § 1334(c)(2). That section requires abstention of federal court jurisdiction under certain circumstances pertaining to "related" proceedings. *In re Michener*, 217 B.R. 263, 267 (O'Brien, De.) (Bankr.D.Minn. 1991).

Upon timely motion of a party in a proceeding based upon a state law claim or state law cause of action, related to a case under title 11 but not arising under title 11 or

arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absence jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction. *In re Michener*, 217 B.R. at 267-68.

If the six elements set forth in section 1334(c)(2) exist, the Court does not have jurisdiction to decide the proceeding. The elements a court must consider prior to determining if it is prohibited from deciding the claim or cause of action under section 1334(c)(2) are: (1) whether a timely motion is made; (2) whether the claim or cause of action is based upon state law; (3) whether the claim or cause of action is related to a bankruptcy case, but did not arise in or under the bankruptcy case (4) whether the only basis for original jurisdiction in federal district court is the bankruptcy filing; (5) whether the action has already commenced in state court; and (6) whether the action can be timely adjudicated in the state court system. 28 U.S.C. § 1334(c)(2); *In re Fitzgeralds Gaming Corp.*, 261 B.R. 1, 8 (Bankr. W.D. Mo. 2001) (citing 28 U.S.C. § 1334(c)(2).

Finally, the bankruptcy court has discretion to remand proceedings, "core" or "related," on any equitable ground. 28 U.S.C. § 1452(b). The source of federal court jurisdiction in bankruptcy, 28 U.S.C. § 1334, specifically allowed for discretionary abstention of federal jurisdiction in certain circumstances, which can result in discretionary remand of removed proceedings. 28 U.S.C. § 1334(c)(1) provides that:

> (c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with state courts or respect for state law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

## II. THIS COURT SHOULD ABSTAIN FROM EXERCISING JURISDICTION OVER THE STATE COURT CLAIM UNDER 28 U.S.C. § 1334(c)(2).

The six elements for mandatory abstention exist in this case. First, the Bank's instance motion is timely made. The Guarantors Westall and Rojas-Cardona filed their Notice of Removal on January 23, 2009. This motion is being filed five days later. Second, the claim or cause of action removed is based upon state law. Guarantors Westall and Rojas-Cardona seek to remove the Bank's cause of action against them for breach and default under their Guaranty obligations. The Bank's contract claim under the Guaranties is based entirely upon state law.

Third, assuming without acknowledging for purposes of this argument that the claim or cause of action is related to one or both of the bankruptcy cases of Blue Vessel and Ichor, it did not arise in or under Chapter 11. The State Court Claim was filed in state court prior to the commencement of either bankruptcy case. Fourth, the only basis for original jurisdiction in federal district court is the bankruptcy filings themselves. There is no federal question, diversity or other basis for federal jurisdiction. Fifth, the State Court Claim has already been commenced and is moving forward to a conclusion. Lastly, the action can be timely adjudicated in the state court system. Washington County District Court is ready and able to adjudge the rights of the parties in a timely manner, and this Court should remand the matter to state court.

Because all six elements of mandatory abstention exist, the Bank's motion should be granted.

## III. IN THE ALTERNATIVE, THIS COURT SHOULD REMAND THE STATE COURT ACTION PURSUANT TO 28 U.S.C. § 1452.

Under 28 U.S.C. § 1452(b), the court to which a claim or cause of action is removed "may remand such claim or cause of action on any equitable ground." This

term includes almost any ground believed appropriate by a court. <u>Collier on Bankruptcy</u>, ¶ 3.07[5]. The standards governing remand are quite similar to those governing a voluntary abstention. These include "(1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness of the action to the bankruptcy case; (6) any jury trial right; and (7) prejudice to plaintiffs from removal. *Hopkins v. Plant Insulation Co.*, 349 B.R. 805, 813 (N.D. Cal. 2006).

The State Court Claim should be remanded on equitable grounds because of Guarantors' obstructionist litigation tactics, misrepresentations to the court, and failures to comply with court rules, all as detailed in the facts set forth in the Motion. The Guarantors should not be allowed to continue to "play the system" and abuse the litigation process to deny the Bank its legitimate remedies. The only reason the Guarantors removed the claim at issue was to avoid the imminent entry of summary judgment against them on the Guaranties.

By the Guaranties, the Guarantors expressly and waived any and all defenses under the Guaranties, except the defense of discharge by payment in full. Each of the Guaranties expressly provides in pertinent part:

> The Undersigned waives any and all defenses, claims and discharges of Borrower, or any other obligor, pertaining to Indebtedness, except the defense of discharge by payment in full. Without limiting the generality of the foregoing, the Undersigned will not assert, plead or enforce against the Lender any defense of waiver, release, statute of limitations, res judicata, statute of frauds, fraud, incapacity, minority, usury, illegality or unenforceability which may be available to Borrower or any other person liable in respect of any Indebtedness, or any setoff available against the Lender to Borrower or any such other person, whether or not on account of a related transaction.

(Guaranties, attached as part of **Exhibit A**.)

1312996v1                                          6

Knowing they had no good faith basis to contest their liability under the Guaranties, or avoid the entry of summary judgment against them, Guarantors Westall and Rojas-Cardona did not bother to serve or file any opposition to the Motion, and instead filed the instant Notice to Remove.

The Bank's motion for summary judgment will be heard on January 30, 2009. The instant Notice of Removal was filed on January 23, 2009, **after** the time for the Guarantors' opposition to the motion had to be served. The inescapable fact is that the Guarantors have no defense to the action on the Guaranty (having waived any and all defenses and claims of the Debtors as borrowers, except the defense of discharge by payment in full), and they interposed the removal solely for purposes of delay and as an obstructionist tactic.

As a matter of equity, this action should be remanded to Washington County District Court for prompt adjudication.

## **CONCLUSION**

Based upon the foregoing, the Bank respectfully requests that this Court abstain from exercising jurisdiction in this matter and remand in accordance with the Motion.

Respectfully submitted,

MOSS & BARNETT
A Professional Association

Dated:  January 28, 2009

By /e/ James A. Rubenstein
   David P. Jendrzejek, #49888
   James A. Rubenstein, #94080
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4129
Telephone:  (612) 877-5000
**Attorneys for Brickwell Community Bank**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bky. Case No. 08-35862-DDO |
| Blue Vessel, Inc., | Chapter 11 |
| Debtor. | |
| In re: | Bky. Case No. 08-35861-DDO |
| Ichor Corporation, | Chapter 11 |
| Debtor. | |
| Brickwell Community Bank, | Bky. Case No. 08-35861 |
| Plaintiff, | Adv. No. 09-3015 |
| vs. | |
| Blue Vessel, LLC, Ichor Corporation, Sara K. Westall and Gabriel Rojas-Cardona | |
| Defendants. | |

## CERTIFICATE OF SERVICE

Maureen A. Montpetit, employed by Moss & Barnett, with office address of 4800 Wells Fargo Center, 90 South 7th Street, Minneapolis, MN 55402, declares under penalty of perjury that on January 28, 2009, I caused the following documents:

1. Notice of Hearing and Motion of Brickwell Community Bank for Expedited Relief and for Abstention and Remand;

2. Verification to Motion;

3. Memorandum of Law in Support of Motion of Brickwell Community Bank Expedited Relief and for Abstention and Remand;

4. Certificate of Service; and

5. Order For Remand,

1312996v1

to be filed electronically with the Clerk of Bankruptcy Court through ECF, and that the entities listed below have been served with a copy of said documents through notification by ECF, or if the recipient is not an ECF recipient, then by facsimile:

| | |
|---|---|
| Jamie R. Pierce, Esq.<br>Hinshaw & Culbertson, LLP<br>333 South Seventh Street<br>Suite 2000<br>Minneapolis, MN 55402<br>jpierce@hinshawlaw.com | Michael Fadlovich, Esq.<br>Office of the U.S. Trustee<br>1015 U.S. Courthouse<br>300 South Fourth Street<br>Minneapolis, MN 55415<br>michael.fadlovich@usdoj.gov |

Duane E. Arndt, Esq.
Arndt & Benton, P.A.
510 Grain Exchange Building
400 South Fourth Street
Minneapolis, MN 55415
arndtbenton@popp.net

Executed:  January 28, 2009        Signed:  /e/ Maureen A. Montpetit
                                            Maureen A. Montpetit

1312996v1                                       2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bky. Case No. 08-35862-DDO |
| Blue Vessel, Inc., | Chapter 11 |
| Debtor. | |
| In re: | Bky. Case No. 08-35861-DDO |
| Ichor Corporation, | Chapter 11 |
| Debtor. | |
| Brickwell Community Bank, | Bky. Case No. 08-35861 |
| Plaintiff, | Adv. No. 09-3015 |
| vs. | |
| Blue Vessel, LLC, Ichor Corporation, Sara K. Westall and Gabriel Rojas-Cardona | |
| Defendants. | |

**ORDER FOR REMAND**

This matter came before the Court for hearing on the Motion of Brickwell Community Bank (the "Bank") seeking expedited relief and an order for abstention and remand pursuant to 28 U.S.C. §§ 1334(c)(2) and 1452(b). Appearances were as noted in the record.

Based upon the proceedings, the Motion and the file herein, the Court now makes the following FINDINGS OF FACT AND CONCLUSIONS OF LAW:

    A.    Grounds exist under 28 U.S.C. § 1334(c)(2) for abstention.

1312996v1

  B. Equitable grounds exist to remand this matter pursuant to 28 U.S.C. § 1452(b).

Accordingly, IT IS HEREBY ORDERED that:

1. The Motion is granted.

2. This proceeding is immediately remanded to Washington County District Court for all further actions and adjudication appropriate therein.

3. Notwithstanding Federal Rule of Bankruptcy Procedure 4001(a)(3), this Order is effective immediately.

               BY THE COURT:

Dated: _____, 2009  _____
                      Dennis D. O'Brien
                        United States Bankruptcy Court Judge